UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X

DEBRA M. PONDER,

        Plaintiff,

-against-

VERIZON WIRELESS,

        Defendant.

----------------------------------------------------X

**REPORT AND RECOMMENDATION**
**04 CV 4404 (JG) (LB)**

BLOOM, United States Magistrate Judge:

    Plaintiff filed the instant *pro se* action alleging that defendant violated federal law when it erroneously reported negative credit information regarding plaintiff to credit agencies. Defendant moves to dismiss plaintiff's complaint on the grounds that plaintiff's claims are subject to arbitration. The Honorable John Gleeson referred the instant motion to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). It is respectfully recommended that defendant's motion should be denied without prejudice for the following reasons.

## BACKGROUND

    In 2003 and September 2004, plaintiff applied for student loans to pay for her daughter's college tuition and alleges she was denied these loans because of negative information on her credit report. Plaintiff's Complaint ¶ 4. Defendant allegedly placed this negative information on plaintiff's credit report in error, as plaintiff, a former customer of defendant, had paid defendant in full on or about December 10, 2002. Id. After learning of the error on her credit report, plaintiff contacted defendant on numerous occasions but was unsuccessful in resolving this matter. Id. As a result, plaintiff instituted the instant action, and although not stated explicitly in her complaint, but nonetheless acknowledged by defendant in its motion to dismiss, plaintiff alleges defendant violated

her rights under the Fair Credit Reporting Act, 15 U.S.C. §§1681 *et seq*. Plaintiff seeks $90,000 in damages as well as injunctive relief.

After requesting an extension of time to respond to the complaint from plaintiff, defendant moved to dismiss the complaint. Defendant alleges that plaintiff's claims are subject to arbitration and the Court should therefore dismiss plaintiff's complaint. In support of its motion, defendant submits the Declarations of Jeffrey Nason, ("Nason Decl."), a customer service supervisor employed by defendant, and Jin Y. Hwang, defendant's in-house counsel. In addition, defendant submits numerous other exhibits including the purported agreement between plaintiff and defendant which defendant asserts governs the resolution of plaintiff's claims. See Exhibit 1 to Nason Decl. The defendant's motion did not contain the notice to *pro se* litigants required under Local Civil Rules 12.1 and 56.2 for the Court to convert a motion to dismiss to a motion for summary judgment. Nevertheless, plaintiff filed her opposition to defendant's motion to dismiss.

## DISCUSSION

Although defendant does not state which provision of the Federal Rules of Civil Procedure it invokes in its motion to dismiss, the Court will treat defendant's motion to dismiss as a motion under Federal Rule of Civil Procedure 12(b)(6). Unlike a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)—or motions made under Fed. R. Civ. P. 12(b)(2), (3), (4), (5) or (7)—when a district court considers a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), "it must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999). The Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor.

Koppel v. 4987 Corp., 167 F.3d 125, 130 (2d Cir. 1999). A motion to dismiss should only be granted if it "appears beyond doubt that the plaintiff can prove no set of facts ... that would entitle [her] to relief." King v. Simpson, 189 F.3d 284, 286-87 (2d Cir. 1999). Where, as here, a party is proceeding *pro se*, the Court is obliged to "read [her] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

"[I]f matters outside the pleading are presented to and not excluded by the court" on a 12(b)(6) motion, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Local Civil Rules 12.1 and 56.2 provide additional protection to parties proceeding *pro se*. Under Local Rule 12.1, "[a] represented party moving to dismiss [under Fed. R. Civ. P. 12(b)(6)] ... against a party proceeding *pro se*, who refers in support of the motion to matters outside the pleading ... shall serve and file the notice required by Local Civil Rule 56.2 at the time the motion is served." The notice required by Local Rule 56.2 informs the *pro se* plaintiff that the defendant has moved for summary judgment, and that the claims asserted in the complaint "may be dismissed without trial" should they fail to respond. The 56.2 notice further advises a *pro se* plaintiff that they may not simply rely on the allegations in their complaint to survive a motion for summary judgment, but must submit evidence, "such as witness statements or documents, countering the facts asserted by the defendants and raising issues of fact for trial."

Local Rule 12.1 is strictly construed. In the Southern and Eastern Districts, a motion under Rule 12(b)(6) may not be converted to a motion for summary judgment unless the *pro se* plaintiff has been given "unequivocal notice." Scott v. Gardner, 287 F.Supp 2d 477, 485 (S.D.N.Y. 2003)

(quoting Beacon Enterprises, Inc., v. Menzies, 715 F.2d 757, 767 (2d Cir. 1983)). When Federal Rule of Civil Procedure 12(b)(6) and Local Rule 12.1 are read together, it is clear that: (1) the Court cannot consider matters outside the pleading on a motion to dismiss for failure to state a claim unless the motion is converted to a motion for summary judgment, and (2) a motion under Rule 12(b)(6) cannot be converted to a motion for summary judgment unless the requisite notice has been given. See, e.g., Curry v. Mazzuca, No. 05 Civ. 1542 (NRB), 2006 WL 250487 (Feb. 2, 2006 S.D.N.Y.) (motion to dismiss under Rule 12(b)(6) properly converted to Rule 56 motion for summary judgment when notice was given); Pieczenik v. Cambridge Antibody Technology Group, No. 03 Civ. 6336 (SAS), 2004 WL 527045 (March 16, 2004 S.D.N.Y.) (observing the distinction that Local Rule 12.1 requires notice and conversion when matters outside the pleadings are considered on a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) but not on a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2).)

Defendant's motion to dismiss is based on the arbitration clause contained in the agreement plaintiff is alleged to have entered into with defendant. Thus defendant posits that the Court should dismiss plaintiff's claim as it is subject to arbitration. Defendant cites to a case that appears to be directly on point, DeGraziano v. Verizon Communications, Inc., 325 F.Supp. 2d. 238, ( E.D.N.Y. 2004), wherein Judge Spatt held, in a case remarkably similar to the case at bar, that plaintiff's FCRA claim was subject to arbitration. However, the plaintiff in DeGraziano was not proceeding *pro se*, whereas the plaintiff here is. Thus the Court must insist that requisite notice dictated by the Local Civil Rules and by Second Circuit precedent be observed. See Irby v. New York City Transit Authority, 262 F.3d 412, 414 (2d Cir. 2001) ("we remind the district courts of this circuit, as well as summary judgment movants, of the necessity that *pro se* litigants have actual notice, provided in

an accessible manner, of the consequences of the *pro se* litigant's failure to comply with the requirements of Rule 56."); McPherson v. Coombe, 174 F.3d 276 (2d Cir. 1999)(district court erred in granting motion without notice); Vital v. Interfaith Medical Ctr., 168 F.3d 615, 620 (2d Cir. 1999) ("[t]he failure of a district court to apprise *pro se* litigants of the consequences of failing to respond to a motion for summary judgment is ordinarily grounds for reversal.")

Defendant has not provided plaintiff with the requisite notice pursuant to Local Civil Rules 12.1 and 56.2. Thus, the Court cannot consider matters outside the pleading on a Rule 12(b)(6) motion, and defendant's motion to dismiss for failure to state a claim cannot be converted to a Rule 56 motion for summary judgment.

Plaintiff does not submit the contract she signed with defendant as part of her complaint which defendant alleges governs plaintiff's claim.[1] Thus defendant's reliance on this document as well as other materials is of no avail as the Court may not consider any matter beyond the pleading.

Although defendant's position that plaintiff's claim is subject to arbitration may indeed prove successful on a summary judgment motion made on proper notice, since no such notice was given, the facts averred in Nason's declaration and the exhibits attached thereto may not be considered and defendant's motion should be denied without prejudice.

---

[1] The agreement entered into by the parties allegedly reads "any controversy or claim arising out of this agreement, or to any prior agreement . . . will be settled by independent arbitration . . ." See Exhibit 1 to Nason Decl.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

Lois Bloom
United States Magistrate Judge

Dated: March 29, 2006
Brooklyn, New York